IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH PEACOCK | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0193-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kenneth Peacock seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that he is disabled due to a variety of ailments, including back problems, arthritis, chronic pain, obesity, a sleep disorder, and anxiety. After multiple applications for disability benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. Two hearings were held in this case. The first hearing resulted in a decision denying disability benefits. The Appeals Council vacated that decision and remanded the case for further evaluation of plaintiff's obesity and mental impairments and to obtain evidence from a vocational expert. A second hearing before the same ALJ was held on May 20, 2008. At the time of the hearing, plaintiff was 51 years old. He has a high school education with past work experience as a maintenance mechanic. Plaintiff has not engaged in substantial gainful activity since December 11, 2006.

Once again, the ALJ found that plaintiff was not disabled and therefore not entitled to disability benefits. Although the medical evidence established that plaintiff suffered from degenerative disc disease of the lumbar spine, diffuse osteoarthritis/degenerative joint disease, status-post bilateral carpal tunnel release, obesity, atherosclerosis, and a history of anxiety, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a significant range of light work, but could not return to his past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a maintenance supervisor, a mounter of light fixtures, a tool maintenance employee, and an assembly inspector helper -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.[1]

II.

In three broad grounds for relief, plaintiff contends that: (1) the ALJ failed to apply the proper legal standard in evaluating the opinions of his treating physician; (2) the assessment of his residual functional capacity failed to include all the limitations supported by the record; and (3) the finding that he can perform other work in the national economy was based on an improper hypothetical question to the vocational expert.

---

[1] The court previously denied without prejudice the Commissioner's motion to dismiss this case on limitations grounds. *See* Order, 4/25/11. Although the Commissioner was invited to reurge a limitations defense in his answer, he failed to do so. Instead, the answer merely alleges that the Commissioner is not "waiving any defenses or affirmative defenses to which he may be entitled[.]" (*See* Def. Ans. at 1). That boilerplate allegation, which is included as a matter of course in almost every answer filed by the Commissioner, is insufficient to plead a limitations defense. *See* FED. R. CIV. P. 8(c) (requiring defendant to affirmatively plead limitations defense in answer to complaint); *Vela v. City of Houston*, 276 F.3d 659, 679 (5th Cir. 2001) (limitations defense abandoned where defendant "weakly" asserted it in initial pleading, but then omitted any mention of the defense in amended answer and never reurged the defense in trial court).

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *See Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing other work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not

satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Among the arguments made by plaintiff is a single ground that compels remand -- the ALJ failed to apply the proper legal standard in evaluating the opinions of his treating physician. The opinion of a treating physician is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir. 1993). Even if a treating source opinion is not given controlling weight, it is still entitled to deference "and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927." SSR 96-2p, 1996 WL 374188 at *4 (SSA Jul. 2, 1996); *see also Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). These factors require consideration of:

1. the physician's length of treatment of the claimant;
2. the physician's frequency of examination;
3. the nature and extent of the treatment relationship;
4. the support of the physician's opinion afforded by the medical evidence of record;
5. the consistency of the opinion with the record as a whole; and
6. the specialization of the treating physician.

20 C.F.R. § 404.1527(d)(2). A treating source opinion cannot be rejected absent good cause for reasons clearly articulated in the hearing decision. *See Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir.

2001). More specifically, the ALJ must clearly articulate the weight given to the treating source opinion:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

SSR 96-2p, 1996 WL 374188 at *4-5.

Dr. Alex Hollub was plaintiff's primary care physician from October 2000 through August 2009. (*See* Tr. at 14, 254-55, 257-58, 261-62, 264-72, 316-25, 327-32, 364, 367, 373-74, 378-79, 382, 385-86, 393, 524-32). After plaintiff applied for disability benefits, Dr. Hollub twice assessed his ability to perform work-related activities. The first medical assessment was completed on July 9, 2007. In that assessment, Dr. Hollub concluded that plaintiff could not carry more than 10 pounds occasionally and more than five pounds frequently, could stand or walk no more than two hours in an eight-hour work day, could sit only two hours in an eight-hour day, and could never climb, balance, stoop, crouch, kneel, or crawl. (*Id.* at 378-79). Dr. Hollub explained that engaging in more strenuous activities would cause plaintiff's back pain to increase "from 8/10 [to] 10/10." (*Id.* at 378). In addition to those limitations, Dr. Hollub opined that plaintiff was limited in his ability to reach, handle, finger, push, and pull due to pain in his back and joints. (*Id.* at 379). A second medical assessment was performed on December 4, 2007. Consistent with his first assessment, Dr. Hollub determined that plaintiff could not carry more than 10 pounds occasionally and more than five pounds frequently, could stand or walk no more than two hours in an eight-hour work day, could never climb, balance, stoop, crouch, kneel, or crawl, and was limited in his ability to reach, handle, finger, push, and pull. (*Id.* at 385-86). In support of these findings, Dr. Hollub wrote that plaintiff's

chronic pain is exacerbated by these activities, and that "these activities make his levels [of] pain worse." (*Id.*).

Notwithstanding the limitations noted by Dr. Hollub in his two medical assessments, the ALJ determined that plaintiff had the residual functional capacity to perform a significant range of light work. (*Id.* at 59). Specifically, the ALJ found that plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently, could stand, walk, and sit for six hours in an eight-hour work day, could push and pull in the amount of weight given, and could occasionally climb, balance, stoop, kneel, crouch and crawl. No limitations were found with respect to plaintiff's reaching, handling, and fingering abilities. (*See id.*). Although the ALJ rejected the opinions of Dr. Hollub contained in a handwritten note dated November 1, 2007,[2] the judge did not mention either of the two medical assessments performed by the doctor, much less explain the reasons for rejecting the opinions expressed therein, which essentially limit plaintiff to sedentary work with restrictions on his ability to reach, handle, and finger. The failure to provide such an explanation constitutes error. *See Hammond v. Barnhart*, 124 Fed.Appx. 847, 851, 2005 WL 548253 at *2 (5th Cir. Mar. 8, 2005); *Redic v. Astrue*, No. 3-10-CV-1056-K-BD, 2011 WL 4398173 at *3 (N.D. Tex. Sept. 6, 2011), *rec. adopted*, 2011 WL 4398170 (N.D. Tex. Sept. 21, 2011).

In an attempt to avoid reversal and remand, the Commissioner argues that any error in this regard is harmless. (*See* Def. MSJ Br. at 8, 9). The court disagrees. Had the ALJ properly evaluated the two medical assessments, he may have concluded that Dr. Hollub's opinions were entitled to at least some weight, and that plaintiff had additional physical limitations that precluded him from

---

[2] In his note dated November 1, 2007, Dr. Hollub wrote that "the [ ] patient's medical condition does not allow him to return to any kind of work. He is considered disabled." (*See* Tr. at 382). The ALJ properly determined that whether plaintiff is "disabled" or "unable to work" are legal conclusions reserved to the Commissioner. *See Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003), *citing* 20 C.F.R. § 404.1527(e)(1).

performing a significant range of light work. Such a conclusion might have affected the vocational expert's findings regarding the available occupational base and, in turn, the ALJ's ultimate disability determination. Nor is this error harmless merely because Dr. Hollub's opinions are controverted by other medical evidence in the record. This court may not affirm the hearing decision on any ground other than the grounds cited by the ALJ. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947) ("[A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis."). Rather, the hearing decision must stand or fall with the reasons set forth therein. *See Newton*, 209 F.3d at 455. Where, as here, the ALJ fails to articulate *any reason* for rejecting the opinions of a treating physician, remand is required. *See Sorgee v. Astrue*, No. 7-10-CV-042-BD, 2011 WL 3837060 at *3-4 (N.D. Tex. Aug. 26, 2011) (remand required where ALJ rejected opinions of treating physician without clearly articulating reasons for decision); *Morgan v. Astrue*, No. 3-10-CV-0167-BH, 2010 WL 2697170 at *8 (N.D. Tex. Jul. 7, 2010) (same where ALJ failed to mention opinion of treating physician or provide good cause for rejecting the opinion).

## CONCLUSION

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[3]

SO ORDERED.

---

[3] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.

DATED:  March 26, 2012.

*[signature]*
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE